FILED

2015 Jan-29  AM 10:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BARRY MOSES,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:14-cv-00146-MHH** |
| | } | |
| **STATE FARM INSURANCE,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

### I.   Introduction

In this opinion, the Court considers defendant State Farm's argument that plaintiff Barry Moses's discrimination claims against the company are time-barred because Mr. Moses waited too long - more than 180 days - to file a discrimination charge with the EEOC.   Mr. Moses's discrimination charge concerns his contention that State Farm demoted him when he returned from medical leave. Mr. Moses filed his EEOC charge, at the earliest, on April 1, 2013.   Mr. Moses contends that October 12, 2012 is the trigger date for the 180-day filing window. If he is correct, then he filed his EEOC charge on time.   State Farm contends that either May 24, 2012 or September 12, 2012 is the trigger date; either date makes Mr. Moses's EEOC charge untimely.   For the reasons stated below, the Court finds

that State Farm has the better end of the argument.  Therefore, the Court will grant State Farm's summary judgment motion.

## II.   <u>Standard of Review</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  State Farm moves for summary judgment on the basis of an affirmative defense for which State Farm bears the burden of proof.  "If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

When considering a summary judgment motion, the Court must view the evidence in the record in the light most favorable to the non-moving party. *Hill v. Wal-Mart Stores, Inc.*, 510 Fed. Appx. 810, 813 (11th Cir. 2013).  "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).  For the purposes of summary judgment, courts are to review job discrimination claims no differently than any other kind of summary

judgment motions.  *Chapman v. AI Transport*, 229 F.3d 1012, 1025 (11th Cir. 2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 504 (1993)).

### III.   <u>Factual and Procedural Background</u>

Mr. Moses began working for State Farm in 2005.  (Doc. 11-2, ¶ 2).  After suffering a heart attack in early 2012, Mr. Moses took medical leave.  (Doc. 11-2, ¶ 3).  At the time of the heart attack, Mr. Moses worked as a claim processer in Birmingham, Alabama.  (Doc. 11, p. 2).  While he was on leave, State Farm notified Mr. Moses that his paid medical leave would end on April 11, 2012 and that he could either return to work then or take unpaid medical leave.  (Doc. 11-2, ¶ 3).  Mr. Moses chose to return to work.  (*Id.*).

Shortly after Mr. Moses returned to work, a doctor set work restrictions for Mr. Moses.  (Doc. 11, p. 2).  Mr. Moses advised State Farm of the restrictions. (*Id.*).  State Farm's ADA committee met and decided that while the restrictions were in place, Mr. Moses could not perform his job with or without reasonable accommodations.  (Doc.9-1, p. 1 ¶ 5; Doc. 8, pp. 2–3).  On May 24, 2012, Angela Palmer, a State Farm employee, notified Mr. Moses that State Farm's ADA committee had determined he was no longer able to perform his essential job duties.  (Doc. 11-2, ¶ 11).  State Farm put Mr. Moses on leave while the company attempted to find a job that he could perform with his medical restrictions.  (Doc. 9-1, ¶ 5).

On September 12, 2012, State Farm offered Mr. Moses a job in Atlanta.[1] (Doc. 9-1, ¶ 6).  The job paid less than the job that Mr. Moses held before he suffered a heart attack, and the job required Mr. Moses to move from Birmingham to Atlanta.  (Doc. 11-2, ¶ 17).  Mr. Moses claims he was "advised that he would have to take a demotion to 'P A 2' from his current position as a 'P A 3' in Atlanta, Georgia, as well as, he was advised of the associated loss in pay and benefits from that demotion."  (Doc. 11, ¶ 5).  Mr. Moses acknowledges that he told State Farm that he would take the job.  (*See* Doc. 11, ¶¶ 5–6).

State Farm extended Mr. Moses's medical leave through October 2012 because the company could not offer Mr. Moses training for his new position until then.  (Doc. 9-1, ¶ 6).  On October 12, 2012, Mr. Moses "was unable to report to the position in Atlanta[,] Georgia because it was a demotion [and] a decrease in pay and benefits[.]"  (Doc. 11, ¶ 6).  On either October 12, 2012 or October 15, 2012, Mr. Moses effectively resigned from State Farm.  (*See* Docs. 11, p. 3; 9-1, p. 2).

Mr. Moses filled out an EEOC intake form on April 1, 2013 and faxed and mailed the form to the EEOC on April 3, 2013.  (Doc. 11, ¶ 7; Doc. 11-1, pp. 1, 4). Mr. Moses checked Box 2 on the intake form, indicating that he "want[ed] to file a

---

[1] The parties seem to dispute when State Farm offered Mr. Moses a job in Atlanta.  Mr. Moses claims that he received the offer sometime in August 2012, but the September 12 date is advantageous to Mr. Moses.  Construing the evidence in the light most favorable to Mr. Moses, the Court assumes that State Farm told Mr. Moses about the position in Atlanta on September 12, 2012.

charge of discrimination, and [he] authorize[d] the EEOC to look into the discrimination [he] described [on the form]." (Doc. 11-1, p. 4). He filed his official charge of discrimination with the EEOC on May 9, 2013. (Doc. 9-1, p. 6).

Mr. Moses filed this lawsuit on January 24, 2014. He alleges that State Farm unlawfully discriminated against him on the basis of disability, age, and sexual orientation. He asserts claims under the ADA, ADEA, and Title VII, respectively. (Doc. 1). State Farm seeks judgment as a matter of law on all of Mr. Moses's claims on the basis of the statute of limitations. (Doc. 8). Both parties have submitted briefs regarding State Farm's motion, and the Court heard oral argument from the parties.

On this record, the Court considers State Farm's motion for summary judgment.

### IV.   <u>Analysis</u>

A plaintiff in a discrimination lawsuit must exhaust procedural remedies before filing suit. To exhaust procedural remedies, a plaintiff alleging discrimination under the ADA, ADEA, or Title VII must file a discrimination charge with the EEOC. *Rizo v. Ala. Dep't of Human Res.*, 228 Fed. Appx. 832, 836 (11th Cir. 2007) (to litigate a claim for discrimination under Title VII, the ADA, or the ADEA, "a plaintiff must first exhaust his administrative remedies, beginning with the filing of a charge of discrimination with the EEOC."). Because Alabama is a non-deferral state — meaning the state has no state agency equivalent

to the EEOC—a plaintiff must file an EEOC charge within 180 days of the employer's alleged discriminatory action. *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1263 (11th Cir. 2003); *see also* 42 U.S.C. § 2000e-5(e)(1) ("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred."); *Rizo*, 228 Fed. Appx. at 836. "The limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims arising from employment decisions that are long past." *Delaware State Coll. v. Ricks*, 449 U.S. 250, 256–57 (1980).

The parties dispute whether Mr. Moses filed his EEOC charge on time. To resolve State Farm's motion for summary judgment, the Court must identify the date of the alleged discriminatory act that triggered the 180-day filing period and the date that Mr. Moses filed his EEOC charge. Mr. Moses contends that October 12, 2012 and April 1, 2013 are the respective dates. If he is correct, then his EEOC charge was timely because he filed it 171 days after State Farm took the last adverse action against him. (Doc. 27, p. 12). State Farm argues that the last adverse action against Mr. Moses occurred on either May 24, 2012 or September 12, 2012 and that Mr. Moses filed his EEOC charge on May 9, 2013. (Doc. 8, p. 5). Each party wins half of the argument, but State Farm prevails overall because Mr. Moses filed his EEOC charge more than 180 days after State Farm notified

Mr. Moses that he could return to work only if he moved to Atlanta and accepted a pay cut.

### A. Governing Dates

The 180-day EEOC filing clock starts when an employee receives unequivocal notice of an adverse employment decision. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 849 (11th Cir. 2000) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1100 n.19 (11th Cir. 1996)). "[D]iscrete discriminatory acts are not actionable if time barred." *Bennett v. Chatham Cnty. Sheriff Dept.*, 315 Fed. Appx. 152, 161 (11th Cir. 2008) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). "A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Morgan*, 536 U.S. at 110.

Mr. Moses's 180-day clock began ticking on September 12, 2012. On that date, Mr. Moses received unequivocal notice that because of his health restrictions, State Farm would not allow him to perform the job that he held before his heart attack. (Doc. 11, p. 2). On that date, Mr. Moses learned that State Farm planned to transfer him to Atlanta and to pay him less than he earned pre-heart attack. (Doc. 9-1, ¶ 6). Although State Farm scheduled the transfer for October 2012 to accommodate the company's training schedule, the decision to transfer was complete on September 12, 2012, and State Farm communicated its decision to Mr. Moses on that date. Therefore, September 12, 2012 is the trigger date for the 180

day window for filing an EEOC charge.  *See Stewart*, 232 F.3d at 849 (discussing the standard and holding that the filing period had not begun when an employee was informed that the employer *might* take action, contingent on future events).

As for the charge filing date, although Mr. Moses did not file his official charge with the EEOC until May 9, 2013, he completed an EEOC intake form on April 1, 2013 and appears to have sent the form to the EEOC by April 3, 2013. (*See* Docs. 9-1, p. 6; 11, p. 3; 11-1, p. 4).  "[A]s a general matter an intake questionnaire is not intended to function as a charge[.] . . ." *Pijnenburg v. West Ga. Health Sys., Inc.*, 255 F.3d 1304, 1304 (11th Cir. 2001) (noting that no exceptional circumstances in the case warranted departure from the rule).  The exception that proves the rule is this:  an intake form may constitute a charge "when the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1321 (11th Cir. 2001); *see also Clark v. Coats & Clark, Inc.*, 865 F.2d 1237, 1241 (11th Cir. 1989) (holding that the informal intake questionnaire constituted the "charge date" for purposes of the 180-day window).

For purposes of State Farm's motion, the Court gives Mr. Moses the benefit of the doubt and treats April 1, 2013, the date on his EEOC intake form, as the

EEOC charge filing date.[2]   Even so, Mr. Moses's charge is not timely because 201 days elapsed between September 12, 2012, the date that State Farm announced its adverse decision, and April 1, 2013, the date that Mr. Moses completed an EEOC intake form.

## B. Equitable Principles and the Procedural Bar

To the extent that Mr. Moses seeks to toll the limitations period, he fails to persuade the Court that equitable tolling is warranted.  Mr. Moses contends that the real issue is "whether the Complainant reasonably believed he was complying with the rules and filed his complaint within the statutory period based on that belief." (Doc. 27, p. 3).  This is incorrect.  In discrimination lawsuits, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."  *Morgan*, 536 U.S. at 108 (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)) (internal quotation marks omitted).

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (quoting

---

[2] Ordinarily, the Court must consider three factors to determine whether an intake form activates the administrative process: "(1) the communication between the plaintiff and the EEOC; (2) the EEOC intake questionnaire form itself; and (3) the response by the EEOC to the completed questionnaire."  *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1240 (11th Cir. 2004) (discussing *Wilkerson*).  In this case, the Court does not need to make the analysis to decide State Farm's summary judgment motion.

*Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (internal quotation marks omitted); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (offering the following examples of such circumstances: "when the defendant misleads [plaintiff] . . ."; "when [plaintiff] has no reasonable way of discovering the wrong . . ."; and "when [plaintiff] timely files a technically defective pleading . . ." (internal citations omitted)).   "The plaintiff bears the burden of showing that such extraordinary circumstances exist." *Arce*, 434 F.3d at 1261 (citing *Justice*, 6 F.3d at 1479).  Mr. Moses has not persuaded the Court that such extraordinary circumstances exist, and the Court declines to toll the 180-day limitations period.

## V.    Conclusion

For the reasons discussed above, the Court GRANTS State Farm's motion for summary judgment on all claims.  The Court will enter a separate judgment.

**DONE** and **ORDERED** this January 29, 2015.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE